[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14874
Non-Argument Calendar
_____

BIA No. A95-223-067

ANHELINA SEMENCHUK,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(August 11, 2005)**

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Anhelina Semenchuk, through counsel, petitions this Court for review of the

Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's

("IJ") denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). After review, we deny Semenchuk's petition for review.

On April 13, 2001, Semenchuk, a native and citizen of Ukraine, entered the United States as a non-immigrant, intra-company transferee, with authorization to remain until December 9, 2001. In February 2002, the INS issued Semenchuk a notice to appear, charging her with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States longer than authorized.

On February 24, 2003, the IJ denied Semenchuk asylum, withholding of removal, and CAT relief. On April 15, 2004, the BIA affirmed the IJ's order denying Semenchuk asylum, withholding of removal, and CAT relief. Thus, Semenchuk had until May 17, 2004, to file a petition for review in this Court. However, Semenchuk did not file a petition for review until September 23, 2004.

While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). The statutory time limit for filing a direct petition for review in an immigration case is "mandatory and jurisdictional, and [is] not subject to equitable tolling." Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995) (internal quotation marks and citations

omitted). Because Semenchuk's petition for review was filed outside the 30-day window, we do not have jurisdiction to consider it. Consequently, we dismiss Semenchuk's September 23, 2004, petition for review to the extent it challenges the IJ's February 24, 2004, denial of asylum, withholding of removal, or CAT relief.

In contrast, to the extent Semenchuk's September 23, 2004, petition challenges the BIA's September 4, 2004, denial of her motion for reconsideration, we have jurisdiction to entertain Semenchuk's petition for review. We review the BIA's denial of a motion to reopen or reconsider for an abuse of discretion. Assa'ad v. United States Att'y Gen., 332 F.3d 1321, 1340-41 (11th Cir. 2003), cert. denied, 125 S. Ct. 38 (2004); Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999). Judicial review of motions for reconsideration is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation marks and citation omitted). Semenchuk's motion for reconsideration simply repeated the same arguments she made in her initial appeal to the BIA. Thus, the BIA did not abuse its discretion in denying Semenchuk's motion for reconsideration.

**PETITION DISMISSED IN PART and DENIED IN PART.**